UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT MATTHEWS,

                              Plaintiff,

    vs.                                                              5:17-CV-448
                                                                                 (GTS/ATB)

CSX TRANSPORTATION,

                              Defendant.

---

ROBERT MATTHEWS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

In April of 2017, the Clerk has sent to the court a civil rights complaint filed by pro se plaintiff, Robert Matthews. (Dkt. No. 1). Plaintiff had also filed an application to proceed in forma pauperis ("IFP") (Dkt. No. 2). On April 28, 2017, I reviewed the complaint and the IFP application and found that the IFP application was incomplete, and that, in any event, the complaint failed to state a claim.

As a result, rather than recommending dismissal, I ordered plaintiff to file a completed IFP application, together with a proposed amended complaint so that this court could undertake a proper review of the plaintiff's claims. (Dkt. No. 4). I gave the plaintiff until the end of May 2017 to provide the appropriate documentation or to ask for an extension of time to do so. (Dkt. No. 4 at 5). I also informed the pro se plaintiff that if he needed assistance completing the forms required, he could contact the NYND/FCBA Pro Se Assistance Program. As of today's date, plaintiff has neither completed his application to proceed IFP, nor has he complied with this court's

directive. Thus, for the following reasons, this court will recommend dismissal of the plaintiff's complaint.

I. **IFP Application**

In order to proceed IFP in federal court, the court must be satisfied by plaintiff's affidavit that he is unable to pay the "cost of these proceedings." (Dkt. No. 2 at ¶ 2); 28 U.S.C. § 1915. In this case, plaintiff used the "Short Form" application to proceed IFP. (*Id.*) Plaintiff alleged that he was currently employed, and he stated the amount of his gross pay, his net pay, and the specific pay period within which he receives his pay. (*Id.*)

The form also asks whether in the past twelve months, plaintiff received income from any one or more of six sources. (Dkt. No. 2 at ¶ 3). Plaintiff checked "yes," indicating that he received income from "Any other sources." (Dkt. No. 2 at ¶ 3(f)). However, the form indicates that if plaintiff did receive income from other sources, he must "describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future." (*Id.*) Although plaintiff indicated that he received income from "other sources," he has neglected to complete the second part of the form. This court had no idea how much money, from what other sources, and what plaintiff might have expected to receive in the future.

In my April 28, 2017 Order, I determined that without the above information, I could not make a determination of whether plaintiff met the financial criteria for

proceeding IFP. (Dkt. No. 4 at 1-2). I directed that plaintiff properly complete his IFP application. However, as stated above, plaintiff has failed to do so, or to request an extension of time to do so. Thus, the court still is unable to determine whether plaintiff meets the financial requirement to proceed IFP. The complaint may be dismissed on this basis alone. However, I will continue my analysis.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.

*Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.  Americans With Disabilities Act

Plaintiff's complaint was filed on a form for complaints brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  A prerequisite to filing a suit under the ADA is filing a complaint and obtaining a Right-to-Sue Letter from the Equal Employment Opportunity Commission ("EEOC"). *Chiari v. New York Racing Ass'n*, 972 F. Supp. 2d 346, 362 (E.D.N.Y. 2013) (citing inter alia 42 U.S.C. § 12117(a); 42 U.S.C. §§ 2000e-5(e)(1); *Grey v. Promenade Rehab. and Care Ctr.*, 145 F. App'x 705 (2d Cir. 2005) (upholding sua sponte dismissal of complaint in which no EEOC Right-to-Sue Letter was filed)).

On the form, plaintiff checked boxes indicating that he was subject to "Retaliation" and "Other acts as specified below." (Complaint ("Compl.") ¶ 5(E), (F))

4

(Dkt. No. 1). Plaintiff stated that the "other acts" were as follows: "Treated unfairly, Foreman used by [sic] disability against me. I have paperwork to add if needed." (Compl. ¶ 5(G)). Plaintiff attached a December 16, 2016 determination of the New York State Division of Human Rights ("DHR") to his federal complaint, but did not attach a Right-to-Sue Letter from the EEOC. At the end of his DHR determination, it states that "Your charge was also filed under the [ADA]. Enforcement of the aforementioned law(s) is the responsibility of the . . . EEOC. You have the right to request review by EEOC of this action." (Compl. at CM/ECF p.6). The letter then explains how plaintiff could secure review by the EEOC, and that if plaintiff does not request review, the EEOC "will generally adopt our action in your case." (*Id.*)

As I stated in my April 28, 2017 Order, this court has no way of knowing whether plaintiff obtained a Right-to-Sue Letter from the EEOC. (Dkt. No. 4 at 3). Plaintiff stated in the body of the complaint that he had "paperwork" to add, but there was no indication whether this "paperwork" related only to the alleged discrimination or whether it included proof of any additional procedural steps taken by the plaintiff.

In my order, I also noted that plaintiff's DHR complaint did not include a specific "Retaliation" claim. Plaintiff may be confused as to the definition of retaliation under the ADA.[1] Plaintiff may be attempting to assert ADA discrimination, but has

---

[1] Plaintiff alleges that he has diabetes, and that the "Foreman" "used" plaintiff's "disability" against him, and that there was "retaliation." However, there is no indication in the complaint of how plaintiff was treated "unfairly," how the Foreman "used" the disability against plaintiff, or what protected activity by plaintiff caused the defendant's "retaliation." *See Hong Yin v. North Shore LIJ*

5

improperly used the word "retaliation." "Significantly, a claim of retaliation for protected conduct is a separate claim from a discrimination claim and does not depend on the success of the employee's disability claim." *Jansson v. Stamford Health, Inc.*, No. 3:16-CV-260, 2017 WL 1289824, at *12 (D. Conn. Apr. 5, 2017) (citing *Kelly v. N.Y. State Office of Mental Health*, 200 F. Supp. 3d 378 (E.D.N.Y. 2016) (citation and internal quotation marks omitted)). Finally, I noted that, although plaintiff's DHR letter states that he was terminated from his position, plaintiff has failed to check the box indicating that the termination was discriminatory.

Plaintiff did not attempt to clarify his complaint, nor did he submit his Right-to-Sue letter as this court directed and as required to proceed with his action. Plaintiff has not asked for assistance or contacted the court or the Pro Se Assistance Program in order to properly complete his IFP application and his ADA complaint. Thus, because plaintiff has failed to respond in any way, and because his complaint does not state a claim as it is written, this court will recommend dismissing plaintiff's complaint.

---

*Health Systs.*, 20 F. Supp. 3d 359, 374 (E.D.N.Y. 2014) (in order to state a retaliation claim under the ADA, plaintiff must have engaged in a protected activity, defendant must have known about that activity, and an adverse decision or course of action was taken against the plaintiff which was causally related to the protected activity). This court has gleaned what facts may be involved by reading the attached DHR decision. (Compl. at 5-6). A review of this decision indicates that plaintiff was counseled by a new supervisor regarding his "poor attendance" and lateness. Although plaintiff told the DHR that he needed time to attend to his insulin pump, he did not mention this to the defendant.

### III. Opportunity to Amend

#### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

#### B. Application

Although this court attempted to assist plaintiff by giving him an opportunity to cure the deficiencies in his IFP application, plaintiff failed to comply with this court's direction. Plaintiff may have abandoned his claims. However, because this is the first time that the court has actually recommended dismissal, I will recommend that plaintiff be given one more chance to give the court the information that it needs for plaintiff to proceed and to amend his complaint to clarify his claim for disability discrimination.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that plaintiff's motion for IFP status (Dkt. No. 2) be **DENIED and the COMPLAINT DISMISSED**, unless plaintiff submits the appropriate IFP information discussed above within **THIRTY (30) DAYS FROM**

**THE DATE OF THE DISTRICT COURT'S ORDER APPROVING THIS RECOMMENDATION**.[2]  The information shall include the income that he has received from "other sources" and any other relevant information required on the IFP form-application, and it is

**RECOMMENDED**, the complaint be **DISMISSED**, unless plaintiff also submits an amended complaint for the court's review within **THIRTY (30) DAYS OF THE DATE OF THE DISTRICT COURT'S ORDER APPROVING THIS RECOMMENDATION**, or requests an extension of time to do so.[3]  The amended complaint shall include a copy of any Right-to-Sue letter from the EEOC and any other information regarding plaintiff's alleged claims as discussed above, and it is

**RECOMMENDED**, that upon the expiration of **THIRTY (30) DAYS OF THE DISTRICT COURT'S ADOPTION OF THIS RECOMMENDATION**, if plaintiff has complied with the court's order, the completed IFP and the proposed amended complaint be sent back to me for review, and it is

**RECOMMENDED**, that upon the expiration of **THIRTY (30) DAYS OF THE DISTRICT COURT'S ADOPTION OF THIS RECOMMENDATION**, if plaintiff has failed to comply with the above, that the court **DISMISS THE COMPLAINT IN**

---

[2] If plaintiff requires more time to comply with this court's order, he may request an extension of time from the court.

[3] Plaintiff is reminded that if he wishes assistance in completing the proper forms, he may contact the NYND/FCBA Pro Se Assistance Program at (315) 422-2711 or toll free 1-877-422-1011.

**ITS ENTIRETY WITHOUT FURTHER RECOMMENDATION OR ORDER OF THIS COURT.**

**ORDERED**, that the Clerk serve a copy of this order on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 6, 2017

                                                                              *Andrew T. Baxter*
                                                                              Hon. Andrew T. Baxter
                                                                              U.S. Magistrate Judge