UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT MATTHEWS,

       Plaintiff,

v.                     5:17-CV-0448
                       (GTS/ATB)
CSX TRANSPORTATION, INC.,

       Defendant.
_____

APPEARANCES:              OF COUNSEL:

O'HARA, O'CONNELL & CIOTOLI      STEPHEN CIOTOLI, ESQ.
 Counsel for Plaintiff
7202 East Genesee Street
Fayetteville, New York 13066

NIXON PEABODY LLP           ANDREW C. ROSE, ESQ.
 Counsel for Defendant          JEFFREY J. LEAGUE, ESQ.
677 Broadway, 10th Floor
Albany, New York 12207

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

    Currently pending before the Court, in this employment civil rights action filed by Robert Matthews ("Plaintiff") against CSX Transportation, Inc. ("Defendant"), is Defendant's motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 32.) For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Second Amended Complaint alleges that Defendant intentionally discriminated against him based on his disability and retaliated against him for reporting the discrimination. (*See generally* Dkt. No. 26 [Pl.'s Second Am. Compl.].) More specifically, Plaintiff alleges that, due to his disability and/or reports of discrimination, Defendant intentionally (1) conducted dishonest performance evaluations of him, (2) subjected him to unwarranted performance criticisms and discipline, and (3) improperly terminated his employment. (*Id.*)

Based on these factual allegations, Plaintiff's Second Amended Complaint asserts the following two claims: (1) a claim that Defendant violated the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504") by intentionally discriminating against Plaintiff; and (2) a claim that Defendant violated the ADA and Section 504 by retaliating against Plaintiff after he reported the discrimination. (*Id.*) Familiarity with the remaining factual allegations supporting these two claims in Plaintiff's Second Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Parties' Briefing on Defendant's Motion to Dismiss

Generally, in support of its motion to dismiss, Defendant asserts the following four arguments: (1) many of Plaintiff's allegations are time barred in that (a) any of the allegations of conduct occurring before August 15, 2015, are untimely under the 300-day limitations period governing Plaintiff's ADA claim, and (b) any of the allegations of conduct occurring before

2

April 23, 2014, are untimely under the three-year limitations period governing Plaintiff's Section 504 claim; (2) Plaintiff has failed to state a claim for disability discrimination because (a) most of the alleged discriminatory actions are not adverse employment actions, and (b) in any event, Plaintiff has failed to allege facts plausibly suggesting a causal nexus between any adverse employment action and his disability; (3) Plaintiff's ADA retaliation claim must be dismissed for failure to exhaust his available administrative remedies; and (4) Plaintiff has failed to state a claim for retaliation under the ADA and Section 504 because (a) Plaintiff has not alleged facts plausibly suggesting temporal proximity between his protected activity and the adverse employment action, (b) Plaintiff has not alleged facts plausibly suggesting that Defendant or anyone involved in the adverse actions had knowledge of his protected activity, and (c) this Court should adopt the requirement that Plaintiff must allege that the retaliation was the "but-for" cause of the employer's adverse action, which Plaintiff has failed to do. (Dkt. No. 32, Attach. 1 [Def.'s Mem. of Law].)

Generally, in response to Defendant's motion to dismiss, Plaintiff asserts the following five arguments: (1) the Court should review Plaintiff's Second Amended Complaint pursuant to the less-stringent standard governing the review of *pro se* pleadings; (2) none of Plaintiff's allegations are time barred because the continuing-violation doctrine applies here; (3) Plaintiff has sufficiently stated a claim for disability discrimination because (a) he has properly alleged an adverse employment action in that the reprimands he received served as the pre-textual basis for terminating him due to his disability, and in any event the termination itself can and does serve as an adverse employment action, and (b) he has alleged a causal nexus between the adverse employment actions and his disability; (4) because Plaintiff has met the "reasonably related"

exception to the exhaustion requirement (which provides that claims not asserted in an EEOC complaint may be brought in federal court if they are reasonably related to the claim filed with the EEOC), he can proceed with his ADA retaliation claim; and (5) Plaintiff has sufficiently stated a claim for retaliation under the ADA and Section 504 because (a) temporal proximity can reasonably be inferred from the Second Amended Complaint and, in any event, temporal proximity is not necessary where, as here, there is direct evidence of a causal connection between the protected activity and the adverse employment action, (b) in addition to alleging constructive knowledge of Defendant, the Second Amended Complaint alleges that Plaintiff reported the disability discrimination to the Division Foreman on October 16, 2012, meaning that Defendant had knowledge of Plaintiff's protected speech, and (c) the Second Circuit has not adopted the but-for standard for ADA and Section 504 retaliation claims and, even if this Court were to decide to adopt that standard, Plaintiff has met this burden. (Dkt. No. 33 [Pl.'s Opp'n Mem. of Law].)

Generally, in its reply, Defendant asserts five arguments: (1) Plaintiff's Second Amended Complaint is not entitled to the *pro se* standard of review given that it was drafted by an attorney; (2) Plaintiff has not alleged a relationship between the discrete acts of discrimination that would allow him to take advantage of the continuing-violation doctrine for purposes of the statute of limitations; (3) Plaintiff has failed to state a claim for disability discrimination because (a) most of the alleged discriminatory actions asserted by him are not adverse employment actions in that they did not result in any materially adverse change in the terms and conditions of his employment, and (b) he has failed to plead a causal nexus between any adverse employment action and his disability; (4) Plaintiff's ADA retaliation claim must be dismissed for failure to

4

exhaust his available administrative remedies; and (5) Plaintiff has failed to state a claim for retaliation under the ADA and Section 504 because (a) his Second Amended Complaint does not allege a conversation between Plaintiff and the Division Foreman of which Mr. Barbato was on notice, and (b) the four year time lapse between Plaintiff's complaint to Mr. Barbato's supervisor, the Division Foreman, and his termination is insufficient to plausibly suggest the required temporal proximity. (Dkt. No. 34 [Def.'s Reply Mem. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

"A motion to dismiss on the basis that an action is barred by the statute of limitations is analyzed under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1)." *Garner v. DII Indus., LLC*, 08-CV-6191, 2010 WL 456801, at *1 (W.D.N.Y. Feb. 4, 2010) (citing *Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 [2d Cir. 1989]).

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between

permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[1]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

---

[1] *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

> B.  **Legal Standards Governing Plaintiff's Claims**

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for the review of the parties. (*See generally* Dkt. No. 32, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 33 [Pl.'s Opp'n Mem. of Law]; Dkt. No. 34 [Def.'s Reply Mem. of Law].)

The Court would only note that, in analyzing disability discrimination and retaliation claims pursuant to the ADA and Section 504, courts apply the standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). "Under the *McDonnell Douglas* framework, [the plaintiff] bears the burden of establishing a prima facie case of discrimination by showing (1) he belonged to a protected class; (2) he was qualified for the position he held; (3)

he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Tolbert v. Smith*, 790 F.3d 427, 435 (2d Cir. 2015) (internal quotation marks omitted). However, "a plaintiff is not required to plead a prima facie case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (internal quotation marks omitted). Indeed, as concerns the fourth prong, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Vega*, 801 F.3d at 84 (internal quotation marks omitted). Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted). Additionally, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 n.9 (2d Cir. 2015) (internal quotation marks omitted); *accord*, *Vega*, 801 F.3d at 84 n.7.

## III. ANALYSIS

### A. Plaintiff's Disability Discrimination Claim Under the ADA and Section 504

After carefully considering the matter, the Court dismisses Plaintiff's discrimination claim pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons stated in Defendant's memoranda of law. (Dkt. No. 32, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 34 [Def.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Defendant's reasons.

### 1. Whether any of the Alleged Conduct Is Time Barred

#### a. Whether any Alleged Conduct Occurring Before August 15, 2015, Can Serve as the Basis of Plaintiff's ADA Claim

"[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Because each discrete act starts a new clock for filing charges alleging that act, the charge must be filed within the . . . 300-day period after the act occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002). The "EEOC charging period is triggered when a 'discrete discriminatory [or retaliatory] act occurred." *Manello v. Nationwide Mut. Ins. Co.*, 11-CV-0243, 2012 U.S. Dist. LEXIS 126084, at *16 (E.D.N.Y. Sept. 4, 2012).

The continuing-violation exception to this timeliness requirement "may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994). "In cases alleging a continuing violation, 'the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it,' as long as a continuing violation is alleged in the EEOC complaint and the lawsuit." *Schapiro v. New York City Dept. of Health*, 25 F. App'x 57, 60 (2d Cir. 2001) (quoting *Cornwell*, 23 F.3d at 703).

Here, Plaintiff has failed to allege facts plausibly suggesting that his termination was reasonably related to, or in any way caused by, the excessive write-ups to which he was subjected. (Dkt. No. 26, at ¶ 26 [Pl.'s Second Am. Compl.].) In fact, the Second Amended Complaint expressly alleges that "[t]he final event that led to Plaintiff's firing was directly related to Plaintiff attending to his disability." (*Id.*) Even if the Court were to look past this

alleged "final event" and examine the factual allegations giving rise to the termination, the Court would note that the write-ups preceding the termination on April 17, 2016, were authored by a supervisor other than the one who authored the time-barred write-ups. Moreover, there are no factual allegations plausibly suggesting the first supervisor conspired with the second one, or even that the write-ups were related as to cause. As a result, the Court finds that Plaintiff is not entitled to application of the continuing-violation doctrine, and that any conduct that occurred prior to August 15, 2015, is time barred for purposes of Plaintiff's ADA discrimination claim.

      **b.**      **Whether any Alleged Conduct Occurring Before April 23, 2014, Can Serve as the Basis of Plaintiff's Section 504 Claim**

For the reasons stated above in Part III.A.1.a. of this Decision and Order, the Court finds that Plaintiff is not entitled to application of the continuing-violation doctrine and any conduct that occurred before April 23, 2014, is time barred for purposes of Plaintiff's Section 504 discrimination claim. These reasons include, but are not limited to, the vague and sporadic nature of the alleged acts of discrimination occurring between the investigative hearing in 2012 and April 23, 2014 (and indeed until Plaintiff's termination on April 17, 2016).

      **2.**      **Whether Plaintiff Has Pled a Cognizable Claim of Disability Discrimination**

            **a.**      **Whether the Alleged Conduct Constitutes an Adverse Employment Action**

"A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (citing *Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 446 [2d Cir. 1999]). The change in working conditions must be "more disruptive than a mere inconvenience . . ." to constitute an adverse employment action. *Galabya*, 202 F.3d at

11

640. "A materially adverse change might be indicated by a termination of employment . . . ." *Galabya*, 202 F.3d at 640 (citing *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997).

Courts in the Second Circuit "have found that reprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation." *Honey v. Cnty. of Rockland*, 200 F. Supp. 2d 311, 320 (S.D.N.Y. 2002); *see also Colandrea v. Hunter-Tannersville Cent. Sch. Dist.*, 15-CV-0456, 2017 U.S. Dist. LEXIS 41551, at *30-31 (N.D.N.Y. Mar. 22, 2017) (Kahn, J.) ("Under the stricter standard used in the discrimination context, a counseling memorandum qualifies as an adverse action only where the plaintiff also alleges that it 'created a materially adverse change in her working conditions.'"); *Bennet v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 248 (S.D.N.Y. 2001) (holding that criticism of plaintiff's lateness without any other negative results cannot support a discrimination claim).

Here, the Court finds that Plaintiff's allegations regarding exaggerated write-ups, unwarranted discipline and performance criticisms were not adverse employment actions because he has not alleged facts plausibly suggesting any resulting materially adverse change in his working conditions. (Dkt. No. 26.) Although Plaintiff argues in his opposition memorandum of law that the reprimands he received "served as the pretextual basis for terminating Plaintiff due to his disability" (Dkt. No. 33, at 12), that is plainly not what the Second Amended Complaint alleges. The Second Amended Complaint does not allege any facts plausibly suggesting a connection between the reprimands and a materially adverse change in Plaintiff's

working conditions. As a result, the Court finds that Plaintiff's termination was the only adverse employment action properly alleged.

### b. Whether Plaintiff Has Pled a Causal Connection Between His Disability and His Termination

"[T]o survive a motion to dismiss, a plaintiff must allege facts that show (1) the employer took adverse action against [him] and (2) the action was taken *because of* [his] disability of perceived disability." *Thomson v. Odyssey House*, 14-CV-3857, 2015 WL 5561209, at *16 (E.D.N.Y. Sep. 21, 2015) (emphasis in original).

Here, Plaintiff alleges no facts plausibly suggesting that "[t]he final event that led to Plaintiff's firing was directly related to Plaintiff attending to his disability." (Dkt. No. 26, at ¶ 26 [Pl.'s Second Am. Compl.].) Such bare and conclusory assertions are insufficient to withstand a motion to dismiss. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) ("[A] discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed."); *Cooper v. New York Dept. of Labor*, 14-CV-0717, 2015 WL 5918263, at *7 (N.D.N.Y. Oct. 9, 2015) (Suddaby, C.J.) (finding no factual allegation plausibly suggesting an inference of discriminatory intent where the complaint alleged only that the defendant referred to the plaintiff as "a 'pain in her butt' for raising concerns about the new procedures"). For example, Plaintiff presents no factual allegations regarding how his termination was allegedly due to his disability or what he was doing in "attending to his disability" that allegedly led to his termination.

For all of these reasons, Plaintiff's disability discrimination claim pursuant to the ADA and Section 504 is dismissed.

### B. Plaintiff's Claim for Retaliation Under the ADA and Section 504

After carefully considering the matter, the Court denies Defendant's motion to the extent that it requests the dismissal of Plaintiff's retaliation claim for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 33 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Plaintiff's reasons.

#### 1. Whether Plaintiff's ADA Retaliation Claim Must Be Dismissed for Failure to Exhaust Administrative Remedies

Federal courts generally lack jurisdiction to adjudicate claims "if a claimant has failed to pursue a given claim in administrative proceedings." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001). "Even as to a claim not expressly pursued before the administrative agency, . . . the court has jurisdiction if that claim is 'reasonably related' to those that the plaintiff did assert before the agency." *Fitzgerald*, 251 F.3d at 359 (citing *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 [2d Cir. 1998]; *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401-02 [2d Cir. 1993]). The Second Circuit recognizes three instances in which allegations not specifically included in an administrative charge are "reasonably related" to the charge so as to satisfy the exhaustion of remedies requirement. *McNight v. Dormitory Auth. of N.Y.*, 995 F. Supp. 70, 77 (N.D.N.Y. 1998) (citing *Butts*, 990 F.2d at 1402). "The first type of reasonably related claim . . . allow[s] [for] claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Butts*, 990 F.2d at 1402 (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n.10 [2d Cir. 1978]). "The second type of 'reasonably related' claim is one alleging retaliation by an employer

against an employee for filing an EEOC charge." *Id.* "The third type of reasonably related claim is where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Id.* at 1402-03.

"A retaliation claim raised for the first time in federal court based on conduct that occurred before the EEOC Charge was completed is only 'reasonably related' to the EEOC discrimination complaint if the Charge contained factual allegations that would put the EEOC on notice of the underlying protected activity or suspected retaliatory animus." *Shepherd v. BCBG Max Axria Grp., Inc.*, 11-CV-7634, 2012 WL 4832883, at *25 (S.D.N.Y. Oct. 11, 2012) (citing *e.g., O'Hara v. Mem'l Sloan-Kettering Cancer Ctr.*, 27 F. App'x 69, 70-71 [2d Cir. 2001] ["Retaliation is a theory of liability that is substantively distinct from [plaintiff's] age discrimination claim. The scope of an EEOC investigation cannot reasonably be expected to encompass retaliation when [plaintiff] failed to put the agency on notice that she had engaged in the type of protected activity that is the predicate to a retaliation claim."]; *Henry v. New York*, 842 F. Supp. 2d 530, 558 [S.D.N.Y. 2012] [retaliation claim was not reasonably related where plaintiff's "administrative complaint does not say that Plaintiff complained at all"]; *Jenkins v. N.Y.C. Transit Auth.*, 646 F. Supp. 2d 464, 472-73 [S.D.N.Y. 2009] [collecting cases holding retaliation claim not reasonably related where EEOC charges "were devoid of any reference to a retaliatory motive or any allegation that the plaintiff had engaged in a protected activity"]; *Viruet v. Citizen Advice Bureau*, 01-CV-4594, 2002 WL 1880731, at *22 [S.D.N.Y. Aug. 15, 2002] [Title VII retaliation claim precluded where plaintiff "only checked the 'sex' and 'disability' boxes, not the 'retaliation' box"]).

Here, the Court finds that the retaliation complained of by Plaintiff would fall within the scope of the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination. In the "additional details" section of his NYSDHR complaint, Plaintiff indicated that he had "reported [the discrimination] to the company" through "the company's 'ethics hotline.'" (Dkt. No. 26, Attach. 2, at 9.) Notifying the NYSDHR (and therefore the EEOC) that Plaintiff had reported his discrimination to Defendant could reasonably have put the EEOC on notice to investigate a possible retaliation claim.

For these reasons, the Court finds that Plaintiff's ADA retaliation claim should not be dismissed for failure to exhaust administrative remedies.

### 2. Whether Plaintiff Has Sufficiently Pled a Claim for Retaliation

"[T]o plead a successful retaliation claim . . . a plaintiff must plausibly allege sufficient facts to demonstrate that . . . (1) he engaged in protected activity, (2) the employer was aware of the protected activity, (3) an adverse employment action occurred, and (4) there is a causal connection between the protected conduct and the adverse action." *Zheng v. GE*, 15-CV-1232, 2016 U.S. Dist. LEXIS 4307, at *28-29 (N.D.N.Y. Jan. 12, 2016) (Hummel, M.J.).

The Court finds that Plaintiff has sufficiently (though perhaps barely) stated a claim for retaliation.[2]

In his Second Amended Complaint, Plaintiff alleges that he "called Defendant's ethics hotline in 2015 to report discrimination against him on the basis of his disability" (Dkt. No. 26, at ¶ 45), and that, "[s]hortly after Plaintiff exercised his right to report discrimination against

---

[2] The Court agrees that the Second Amended Complaint could have, and ideally should have, included additional factual allegations about both (1) the protected activity Plaintiff allegedly engaged in and (2) the causal connection between the protected activity and the adverse employment action he experienced.

16

him, Defendant . . . subject[ed] him to unwarranted discipline and performance criticisms, conducting dishonest performance evaluations, and eventually terminating his employment." (Dkt. No. 26, at ¶ 46.)

Plaintiff's call to the ethics hotline was protected activity.[3] In addition, Plaintiff may rely on "general corporate knowledge" of his protected activity to establish the knowledge prong of his prima facie case. *Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 844 (2d Cir. 2013) (citing *Gordon v. N.Y.C. Bd. of Educ.,* 232 F.3d 111, 116 [2d Cir. 2000] ["Neither [the Second Circuit] nor any other circuit has ever held that, to satisfy the knowledge requirement, anything more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity."]). Furthermore, the Court finds, and the parties do not dispute for purposes of this motion, that Plaintiff has sufficiently alleged an adverse employment action with regard to his retaliation claim. *Colandrea*, 2017 U.S. Dist. LEXIS 41551, at *30 ("A counseling memorandum, on its own, may constitute an adverse action for purposes of a retaliation claim."). As a result, the only remaining element to be alleged is that of a causal connection.

For purposes of establishing a prima facie case, a causal connection in retaliation claims can be shown either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon*, 232 F.3d at 117.

---

[3] While Plaintiff argues in his response that the Court may also consider a report made by Plaintiff to the Division Foreman regarding Mr. Barbato, no such allegation is contained in the Second Amended Complaint. (Dkt. No. 26, at ¶ 20.) The Second Amended Complaint alleges only that "Mr. Barbato was ordered by the Division Foreman to put Plaintiff back to work." (*Id.*) There is no allegation that Plaintiff ever spoke with the Division Foreman. (*See generally* Dkt. No. 26.)

17

Here, the Second Amended Complaint alleges that unwarranted discipline and performance criticisms, dishonest performance evaluations, and termination of Plaintiff's employment closely followed his protests of discrimination. At the motion-to-dismiss stage, the Court must accept these allegations as true and draw all reasonable inferences in Plaintiff's favor. Defendant's arguments regarding Plaintiff's inability to establish temporal proximity are more appropriate for a motion for summary judgment when additional facts are available regarding the sequence of events. Finally, the Court declines, at this time to hold that the "but for" causation retaliation standard applies to retaliation claims under the ADA or even that, to survive a motion to dismiss for failure to state a claim of retaliation under the ADA, Plaintiff need plead such "but-for" causation as requested by Defendant. (Dkt. No. 32, Attach. 1, at 19.)

For all of these reasons, the Court finds that Plaintiff has sufficiently stated a claim for retaliation.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 32) is **GRANTED in part** and **DENIED in part** such that (1) Plaintiff's discrimination claim is **DISMISSED**, and (2) Plaintiff's retaliation claim **SURVIVES** Defendant's motion to dismiss; and it is further

**ORDERED** that Defendant file an answer to the Plaintiff's Second Amended Complaint within **FOURTEEN (14) DAYS** of the date of this Decision and Order pursuant to Fed. R. Civ. P. Rule 12(a)(4)(a), and this case is referred back to Magistrate Judge Baxter for a Rule 16 conference and the setting of pretrial scheduling deadlines.

Dated: October 17, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge